11-5134-cr
*United States v. Rinere*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

      At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of April, two thousand thirteen.

PRESENT:

      JOSÉ A. CABRANES,
      DEBRA A. LIVINGSTON,
            *Circuit Judges,*
      JESSE M. FURMAN,
            *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

      *Appellee,*

        v.                              No. 11-5134-cr

DAVID RINERE,

      *Defendant-Appellant.*

_____

**FOR APPELLEE:**                Stephan J. Baczynski, Assistant United States Attorney *for* William J. Hochul Jr., United States Attorney for the Western District of New York, Buffalo, NY.

---

[*] The Honorable Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLANT:**          Mehmet K. Okay, The Okay Law Firm, Batavia, NY.

Appeal from the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction is **AFFIRMED**.

This action commenced after defendant-appellant David R. Rinere ("Rinere" or defendant") was charged in a three-count indictment for conduct related to the production, receipt, and possession of child pornography. *See* 18 U.S.C. §§ 2251(a), 2252A(a)(2)(A) and (a)(5)(B). On February 16, 2011, Rinere pleaded guilty before the District Court to one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and was subsequently sentenced to 228 months' imprisonment. On appeal, Rinere challenges his sentence arguing, *inter alia*, that the District Court committed procedural and substantive error.

We review all sentences using an abuse-of-discretion standard. *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). Our review typically consists of a two-step process. First we "must . . . ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). "[W]e then review the substantive reasonableness of the sentence, reversing only when the trial court's sentence cannot be located within the range of permissible decisions." *United States v. Dorvee*, 616 F.3d 174, 179 (2d Cir. 2010) (internal quotation marks omitted).

Having conducted an independent and *de novo* review of the record, we have considered all of defendant's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the November 30, 2011 judgment of conviction of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2